## THOMAS LAWS v. JOHN DAVIS, Executor of Nehemiah Davis.

Court of Common Pleas. Sussex. April, 1800.

*Wilson's Red Book, 276.*

*Wilson* for defendant. The three sentences in the fee bill, 2 Del.Laws 1106, which give the sheriff his fees for serving a *venire,* were evidently designed by the legislature to include mileage and all other services. They might have been printed together as one enacting clause, ascertaining different fees for different species of the same writ: for a *venire* for struck jury and view including mileage, four dollars; without view, two dollars; for the common jury, thirteen cents. It could not have been the meaning of the legislature to give only four dollars for struck jury and view, and upwards of twenty dollars where there is no view; to have purposely given six times the compensation because the service was less. Consider the three sentences as only members of one sentence, and the "including mileage" will extend to every part of it and carry into effect the intention, which is manifest to every person, and the court have a right to change the pointing to effectuate the meaning. To this they will also the rather incline, because neither of them are complete and literally

would give the sheriff nothing, it not being said who is to have the fee.

The clause under which the plaintiff claims "mileage to and from the place of serving a writ" etc., "except where included" etc., will not bear the construction he puts upon it. He supposes it entitles him to mileage for serving a writ in regard of every sentence or paragraph where mileage is not included, but this part of the law regards writs, not sentences or clauses, and as the Act includes mileage on the *venire facias* for struck jury and view, which is the most troublesome species, it is, as to the other two, which are *venire facias,* technically speaking the same writ, without regard to the specific difference. The including mileage on the one *venire facias* prevents the claim of mileage on every *venire facias*. This Act of Assembly, when it gives only thirteen cents on a common *venire,* has relation to the Act of 1793, [2 Del. Laws] page 1072, which enacts that "the names of the same persons be inserted in the panel annexed to every such writ for the trial of all civil and criminal [causes] at the said courts" etc., the practice under which is to indorse a return of jurors' names on the first common *venire* to the term, and on every other *venire* to say "same return as No. 1". The thirteen cents will then be an adequate compensation when it is considered that he frequently has more than an hundred to the same court; but if mileage is given in addition, the fees are beyond the bounds of reason, and this plaintiff upon such construction pockets $24.92 in one term and $22.60 in the other, over and above about twenty dollars at each term, which he takes, and the law allows [him] to do, for serving or notifying thirty-six men to each court. The court are to put a reasonable construction on a statute, "and if there arises out of it collaterally any absurd consequences manifestly contradictory to common reason, it is with regard to those void," and "the judges are in decency to conclude that this consequence was not foreseen by Parliament, and therefore they are at liberty to expound it by equity, only *quoad hoc* disregard it," 1 Bl.Comm. 91. And they are not confined to the letter, as ecclesiastical leases for more than twenty-one years, notwithstanding the 13 Eliz., c. 10, are good while the lessor lives, *idem* 87.

This account is also barred by the Statute of Limitations. These fees are not like a return upon a writ [and] are no part of the record. They become due still upon the performance of every several service. And although costs form a part of the judgment in every action, it is only in relation to the parties to the suit and not to the officers, who are supposed to have been paid at every several performance; nor can an action be founded upon such record in favor of an officer who is neither party nor

privy. His fees are therefore not records, but are liable to be barred by limitation. This is not debt founded upon a record but an action of assumpsit for a promise implied to pay the value of labor and services, as for attorneys' fees, 1 Esp.N.P. 148.

*Ridgely* for plaintiff. This demand is founded on a record and, like the case of money levied by an officer, 1 Esp.N.P. 236, is not barred by the Statute of Limitations. Any acknowledgment of part of a debt will take the whole out of the Statute, and the acknowledgment, however imperfect, will prevent its operation. In this case the defendant's counsel have not disputed any part of plaintiff's account but the mileage, and, therefore, plaintiff's demand is sufficiently acknowledged to prevent the bar.

The three sentences or clauses in 2 Del.Laws 1106 cannot be united. It is no mistake of a printer, for the Secretary of the State had the revisal of the proof sheets; and it must be taken an exact copy of the original law. The late Chief Justice Read, employed by the legislature, subjoins a note that two of those clauses are repealed by c. 58c [2 Del.Laws 1181], which shows his construction, and the law he refers to shows that the legislature so construed this law, for they have repealed it. We are not to contradict the legislature, nor refine upon a law already plain; if they enact a foolish law, if their ideas are plain, it is the law and binding. It is dangerous to assume an unlimited power of construction, for it is upon the law our rights hang and society depends. Because mileage is included upon the *venire facias* for struck jury and view, it does not follow it is on the other *venires,* which are totally distinct writs. A common *venire* names no jurors, a special *venire* names them, and it may be that the legislature did choose to allow more for the sheriff's responsibility in choosing freeholders. If we were at liberty to rate the fees by the services, we should find every item in the fee bill disputed by somebody.

*Wilson* applied to the Court upon the point of an attorney's acknowledgment at bar in argument, when in the same speech he claims the benefit of the Statute for his client.

BOOTH, C. J. Sir, you may save yourself any trouble on that point.

PER CURIAM. BOOTH, C. J. (Charge.) Gentlemen, the present action is brought for the recovery of £18.17.6 for fees due the plaintiff as sheriff. There are two grounds of defense set up by defendant; first, that the mileage fees are not warranted by law. If these three sentences (reads them) are distinct and substantive, as they ought to be, it is contended that the mileage is

a legal charge. The words of the Act seem to warrant the charge, but the absurdities of that construction incline us to a different one. Secondly, with regard to the Act of Limitations, we think it is no bar, for we think the demand is founded on a record, On the first point there is some difference of opinion with[in] the court.

Verdict for six pounds. Rule to show cause for a new trial was given, plaintiff agreeing not to bring error.